James E. McCandlish    OSB #75246
GRIFFIN & McCANDLISH
1000 S.W. Broadway, Ste. 2400
Portland, OR 97205
Tel:  503.206.8437; Fax: 224.9201
E-mail: jmccandlish@comcast.net

Juan C. Chavez, OSB #136428
Email: jchavez@ojrc.info
Franz Bruggemeier, OSB #163533
Email: fbruggemeier@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270
Facsimile: 971-275-1839

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DMITRI STOYANOFF, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | (42 U.S.C. § 1983: First, Fourth, and Fourteenth Amendment Violations; State Torts: Battery, Assault, and Intentional Infliction of emotional distress) |
| CITY OF PORTLAND, a municipal corporation; JUSTIN D. DAMERVILLE, an individual; and JOHN DOES 1-3, as yet unknown individuals. | |
| Defendants. | Jury Trial Requested |

## INTRODUCTION

1.      Plaintiff Dmitri Stoyanoff (referred to herein as "plaintiff" or "Stoyanoff") on September

28, 2020, was in Kenton Park where demonstrators were peacefully gathering in support of the Black

Lives Matter movement.  Plaintiff is a protester who carries a sign that reads "Vote Register Here" and

regularly assists others at protests in registering to vote.   For no legal reason, Portland police tried

forcibly to take his sign away from him. When he held onto his sign in passive resistance, he was

viciously pepper sprayed from a distance of inches from his head, face and eyes.  Police then threw him

roughly to the ground and viciously kicked him while he was defenseless on the ground.  The entire

incident was video recorded by multiple protesters and press.  He was thereafter falsely arrested,

handcuffed and transported to police headquarters downtown.  He was cited for Interfering with a Police

Officer, which was dismissed at his initial arraignment.

2.       Plaintiff alleges federal claims pursuant to 42 USC § 1983, as guaranteed by the 14th

Amendment to the U.S. Constitution for (1) Violation of his First Amendment rights of freedom of

speech; and peaceful protest; and (2) Violation of his 4th Amendment rights to be free of excessive force

and wrongful arrest by Portland police officers.

3.       Plaintiff also seeks to invoke this Court's supplemental jurisdiction for relief under state

law claims for Assault and Battery, Intentional Infliction of Emotional Distress and Wrongful Arrest, all

of which are a part of the same event giving rise to the constitutional claims.

4.       Plaintiff seeks awards of economic damages, non-economic damages, attorney fees and

litigation expenses/costs against defendants.  Plaintiff also seeks an award of punitive damages against the

individual defendants under federal law.

## JURISDICTION AND VENUE

5.       This court has jurisdiction over plaintiff's claims by virtue of 28 USC §§ 1331, 1332,

1343, and 1367.  Venue is proper within the District of Oregon, Portland Division, because the events

giving rise to these claims occurred in Portland, Oregon.  Defendant City of Portland is a municipal

corporation in the State of Oregon.

## PARTIES

6.       Plaintiff Dmitri Stoyanoff is a citizen of the United States, residing in Vancouver,

Washington.  He is an apprentice electrician, honorably discharged from the Marine Corps as a corporal

after two tours of duty in Iraq.  Stoyanoff has no criminal arrest or conviction record.

       7.     Defendant Justin D. Damerville (hereinafter referred to as "Damerville") is a member of the Portland Police Bureau who at all material times, was acting within the course and scope of his employment.

       8.     DOES #1-3 are unidentified members of the Portland Police Bureau, who were involved along with Damerville in the incident in question; and were acting within the course and scope of their employment. Plaintiff does not know these John Does by their true names, and therefore sues them under a fictitious one.

       9.     Defendant City of Portland is a municipal corporation in the State of Oregon and the employer of the Portland police officer defendants.

## FACTUAL ALLEGATIONS

      11.    In support of the Black Lives Matter movement, members of the local community have demonstrated in protest of police violence disproportionately directed at Black, Indigenous, and community members of Color. While this is a national movement, it is extremely relevant in Portland, as data shows Portland Police Bureau's use of force, traffic stops, searches, seizures and arrests are disproportionately directed at Black and other community members of color.

      12.    At approximately 9:15 p.m. on September 28, 2020, an unknown number of Portland police officers, many if not all of them thought to be Rapid Response Team members in full riot gear, entered Kenton park where protesters were gathering in preparation for a march in support of the BLM movement.  Plaintiff was talking to other protesters and making himself available to assist anyone interested in registering to vote, as he has done numerous times at previous demonstrations.  He was dressed in a t-shirt, jeans, and a Covid-19 facemask.  Stoyanoff, as was his habit, held his homemade sign over his head mounted on a lightweight 3/4-inch PVC pipe.  The cardboard and paper sign read "Vote Register Here", with a hand-drawn logo in support of the BLM Movement.  The protesters, including plaintiff, were in a public place doing nothing wrong.  No riot or illegal gathering of any kind had been

declared by the police, nor could it legally have been.  Two officers, John or Jane Does 1 and 2, confronted plaintiff and attempted to take the sign from his hands.  Stoyanoff passively resisted by continuing to hold his sign handle.  Demonstrators were pulling him backwards and Does 1 and 2 were pulling him forwards as he held onto his sign handle.  Damerville then approached plaintiff, splitting between Does 1 and 2 directly in front of Stoyanoff.  Damerville had just angrily sprayed another protestor in the face as she resisted his taking her cellphone, which she was using to record the assault on Stoyanoff.  Damerville roughly pushed a press person out of the way as he moved towards plaintiff; and begin spraying Stoyanoff's head, face and eyes at brutally close range for between 7 and 10 seconds.

13.    As Does 1 and 2 were in the act of securing plaintiff while he was holding onto his sign pole, Doe No. 3, a larger officer with a red strap around his shoulder, came in from plaintiff's left front side and roughly pulled him to the ground with the assistance of Does 1 and 2.  While defenseless on the ground, Stoyanoff was struck numerous times, including Doe No. 3 viciously kicking him in the right rib area at least twice, causing immediate pain and soft tissue damage.

14.    The entire incident was video recorded by a number of onlooking fellow demonstrators and members of the press.

15.    Stoyanoff was cuffed and transported to the Justice Center parking lot on the way to the jail.  He was in such pain from the spraying and pummelling that defendants issued a citation in lieu of booking him in jail.  He was photographed with at least one cell phone, uncuffed and released at approximately 12:15 a.m., just short of three hours after his arrest.

16.    On information and belief, the officer defendant(s) wrote up reports of the incident, which were reviewed and ratified by supervising personnel, who approved the issuance and prosecution of Stoyanoff for the crime of Interfering with a Police Officer in violation of ORS 162.247.  This charge is a class A misdemeanor carrying a maximum jail term of one year and fine of $6,250.  At the initial court appearance on October 28, 2020, the district attorney's office declined to prosecute.

17.    On information and belief, the individual police officers in interdicting and arresting

Page  4- COMPLAINT

plaintiff without probable cause or reasonable suspicion of criminal activity were carrying out policy decisions and orders from PPB's chain of command; policies and procedures made and undertaken in deliberate violation of plaintiff's constitutional rights.

**CLAIM 1**
**(42 U.S.C. § 1983 – First Amendment Violation – Individual Liability)**

18.     As applicable, plaintiff incorporates the above.

19.     As described above, Damerville and Does #1-3 violated Stoyanoff's rights to free speech and assembly.

20.     As described above, the individually-named defendants intentionally violated Stoyanoff's First Amendment rights; and caused or contributed to the cause of his injuries and the violation of the First Amendment to the United States Constitution.

21.     Plaintiff is entitled to an award of non-economic damages for pain and suffering, humiliation, embarrassment, wrongful arrest and detention and excessive force.

22.     Plaintiff is entitled to an award of economic damages for lost wages as an apprentice electrician and as reasonable and necessary for follow up medical care for soft tissue facial, eye, back and right rib area injuries.

23.     The actions of Defendants Damerville and Doe 3, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Stoyanoff.  As a result of said intentional conduct, Stoyanoff is entitled to punitive damages against Defendants Damerville and Does #1-3, in their individual capacities, in an amount sufficient to punish him and to deter others from like conduct.

24.     Plaintiff is entitled to an award for his attorney fees and litigation expenses/costs against defendants pursuant to 42 USC § 1988.

**CLAIM 2**
**(42 U.S.C. § 1983 - Fourth Amendment Violation – Individual Liability)**

25.     As applicable, plaintiff incorporates the above.

26.     As described above, Damerville and Doe No. 3 violated Stoyanoff's right not to be subjected to unreasonable, illegal force causing injury.  Damerville's and Doe No. 3's conduct violated the Fourth Amendment to the United States Constitution.

27.     As described above, Damerville and Doe No. 3 intentionally violated Stoyanoff's Fourth Amendment right.

28.     As a result of the above, Stoyanoff is entitled to damages, costs and fees as set forth in paragraphs 21-24 above.

**CLAIM 3**
**(42 U.S.C. § 1983 – Fourteenth Amendment Violation – Individual Liability)**

29.     As applicable, plaintiff incorporates the above.

30.     As described above, by injuring Stoyanoff's person without due process of law and because Damerville and Doe No. 3's conduct shocks the conscience of the community, these Defendants have violated Stoyanoff's rights protected under the Fourteenth Amendment's due process clause.

31.     As a result of the above, Stoyanoff is entitled to damages, costs and fees as set forth in paragraphs 21-24 above.

**CLAIM 4**
**(42 U.S.C. § 1983 – First, Fourth, and Fourteenth Amendments – *Monell* Liability)**

32.     As applicable, plaintiff incorporates the above.

33.     The individually-named Defendants' conduct is illustrative of a pattern and practice of PPB officers violating the First, Fourth, and Fourteenth Amendment rights of individuals engaging in protests in Portland.

34.     Defendant City of Portland does not have adequate supervisory review of incidents where officers use force that would correct patterns of excessive force in a timely

fashion, and rarely categorizes excessive force as out of policy even when the force is clearly excessive. The individually-named defendants have received no training or discipline for violating the United States constitution. Defendant City of Portland has effectively condoned this practice by repeatedly failing to correct it.

35.     By maintaining a pattern and practice of violating protesters First, Fourth, and Fourteenth Amendment rights, Defendant City of Portland has injured Stoyanoff in the manner alleged above.

36.     As a result of the above, Stoyanoff is entitled to damages as set forth in paragraphs 21-24 above.

## CLAIM 5
### (State Law Claim - Assault and Battery)

37.     As applicable, plaintiff incorporates the above.

38.   Damerville and Doe No. 3 acted to cause harmful or offensive contact with plaintiff and in fact caused harmful contact with plaintiff.

39.   As a result of the above, Stoyanoff is entitled to damages as set forth in paragraphs 21-24 above.

## CLAIM 6
### (State Law Claim - Intentional Infliction of Emotional Distress)

40.   As applicable, plaintiff incorporates the above.

41.   Damerville and Doe No. 3 intended to inflict severe emotional distress on plaintiff by engaging in the following acts:

   a.   Punishing Stoyanoff for holding onto his sign handle when he had a constitutional right to do so;

   b.   Respecting Doe No. 3, throwing him to the ground roughly and kicking him viciously with his boot when Stoyanoff was only trying to hold onto his sign and protect himself

from injury;

    c. Illegally detaining and arresting Stoyanoff causing him to be cuffed and detained.

    d. Charging Stoyanoff with the crime of Interfering with a police officer, a crime as

    defined by ORS 162.247(3)(b) expressly excludes passive resistance by a citizen.

42. As a result of Damerville's and Doe No. 3's actions, Stoyanoff suffered severe emotional distress that was substantial and enduring.

43. Damerville's and Doe No. 3's conduct were an extraordinary transgression of the bounds of socially tolerable behavior.

44. As a result, Stoyanoff is entitled to damages as set forth in paragraphs 21-24 above.

**CLAIM 7**
**(State Law Claim - Wrongful Arrest)**

45. As applicable, plaintiff incorporates the above.

46. At the time Stoyanoff was battered, arrested and detained, he had engaged in no behavior that threatened injury to police officers.

47. Defendants lacked probable cause to batter, arrest and detain Stoyanoff.

48. As a result of the above, Stoyanoff is entitled to damages as set forth in paragraphs 21-24.

**REASONABLE ATTORNEY'S FEES AND COSTS**

49. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

50. Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

**DEMAND FOR JURY TRIAL**

51. For all claims alleged in this Complaint, Plaintiff demands a jury trial.

**WHEREFORE**, plaintiff prays for relief from the Court as follows:

    A. Assume jurisdiction in this matter over plaintiff's claims;

    B. Award plaintiff economic and non-economic damages against defendants in amounts

    to be determined at trial in accordance with the allegations set forth above;

C.  Award plaintiff punitive damages against the individual-defendants Damerville and

Doe No. 3 in amounts to be determined at trial in accordance with the allegations set

forth above;

D.  Award plaintiff his attorney fees and litigation expenses/costs against defendants in

accordance with the allegations set forth above, pursuant to 42 U.S.C. § 1988; and

E.  Grant such other relief as may be just and proper.

PLAINTIFF DEMANDS A JURY TRIAL.

DATED:  October 30, 2020.

    s/James E. McCandlish
James E. McCandlish, OSB No. 752469
Trial Attorney

    s/Franz Bruggemeier
Franz Bruggemeier, OSB No. 163533
Oregon Justice Resource Center

    s/Juan C. Chavez
Juan C. Chavez, OSB No. 136428
Oregon Justice Resource Center